UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA,       :
                                :
     -against-                  :
                                : Docket No.: 10-CR-00802-01 (LAP)
DIANA WILLIAMSON,               :
                                :
                    Defendant.  :
-----------------------------------------------X

# REPLY SENTENCING MEMORANDUM
# SUBMITTED ON BEHALF OF DIANA WILLIAMSON

Jonathan Marks (JM-9696)
Jonathan Marks, P.C.
Counsel to Defendant
220 Fifth Avenue, Suite 300
New York, NY 10001
Tel: 212-545-8008
Email: jonmarkspc@gmail.com

Date: September 27, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
UNITED STATES OF AMERICA,           :

           -against-           :      10-CR-00802-01 (LAP)

DIANA WILLIAMSON,           :

           Defendant.        :
------------------------------------------------------- X

## REPLY SENTENCING MEMORANDUM
## SUBMITTED ON BEHALF OF DIANA WILLIAMSON

This Reply Sentencing Memorandum is occasioned

(A) by the Government's Sentencing Memorandum's summary dismissal in its Sentencing Memorandum of (1) defendant's showing in our main Sentencing Memorandum that the Federal Bureau of Prisons (hereinafter "FBOP" or "BOP") would be unable to provide the level of medical surveillance and treatment that Diana Williamson's multiple medical conditions require in order to keep her alive and (2) our argument that a non-prison sentence is warranted, indeed, mandated, in order "to provide the defendant with needed . . . medical care . . ., in the most effective manner" as set forth in 18 U.S.C. §3553(a)(2)(D) and

(B) by the Government's spurious reliance on the Sentencing Guidelines, which, by reason of this cases' unique character, are inapplicable.

## DEFENDANT'S COMPLEX AND CRITICAL MEDICAL CONDITION MANDATES A NON-CUSTODIAL SENTENCE

The Government's answer to our argument that a non-custodial sentence is mandated by defendant's critical and complex medical condition is set forth below in its entirety:

> With respect to the defendant's arguments about the inability of the Bureau of Prisons (the "BOP") to address her medical condition, the Government has forwarded the defendant's medical summaries (Ex. 7 and 31 to Def. Ltr.) to appropriate personnel at the BOP. Insofar as the Court's sentencing decision would be influenced by the resolution of this question, the Government requests that the Court not impose sentence until the BOP has been provided an opportunity to respond to the defendant's allegations about its capabilities.

It is established that BOP's failure to provide adequate medical care for those it takes into its custody is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *DeShaney v. Winnebago County Social Services*, 489 U. S. 189 (1989). There our Supreme Court wrote:

> In Estelle v. Gamble, 429 U.S. 97, we recognized that the Eighth Amendment's prohibition against cruel and unusual punishment. . . . requires the State to provide adequate medical care to incarcerated prisoners. . . .We reasoned that because the prisoner is unable 'by reason of the deprivation of his liberty [to] care for himself,' it is only " 'just' " that the State be required to care for him.

Id. at 198.

See also, *Women Prisoners of the District of Columbia Department of Corrections v. District of Columbia*, 93 F.3d 910 (D. C. Cir. 1996).

It is equally well-established that the FBOP provides inadequate medical care to federal prisoners. As the General Accounting Office found in 1994:

> Inmates with special needs, including women, psychiatric patients, and patients with chronic illnesses, were not receiving all of the health care they needed at the three medical referral centers we visited [Butner, North Carolina, Lexington, Kentucky; and Springfield, Missouri]. . . As a result, some patients' conditions were not improving and others were at risk of serious deterioration.

"Bureau of Prisons Health Care: Inmates' Access to Health Care is Limited by Lack of Clinical Staff," submitted to the Subcommittee on Intellectual Property and Judicial Administration, the Committee on the Judiciary, and the House of Representative (1994).

Two audits by the Office of the Inspector General of the Department of Justice ("OIG") found that the delivery of healthcare within the FBOP was deficient throughout the system. Following its most recent audit, in 1998, OIG found numerous deficiencies remaining even though it had recommended that they be corrected in a 1994 audit. It found as follows:

> This audit, along with prior OIG audits of individual BOP medical contracts, found that BOP institutions lacked adequate management controls to ensure the effective administration of critical medical service

3

contract functions. The absence of such controls appears to stem from BOP headquarters not identifying systemic weaknesses and implementing the necessary policies and internal control procedures to remedy the issues. We found in our individual BOP medical contract audits that the lack of management controls resulted in the BOP making questionable payments to contractors. In total, the OIG contract audits identified about $12.3 million in questionable payments to the contractors. We believe our findings in this review and in the individual audits on BOP medical contract administration illustrate the likelihood that similar weaknesses exist in medical contracts in other BOP institutions that we have not audited. We recommend that the BOP strengthen controls by providing guidance and procedures to its institutions to help ensure that systemic deficiencies are corrected throughout the BOP.

\*          \*          \*

We also found that the BOP allowed health care providers to practice medicine without valid authorizations. Allowing practitioners to provide medical care to inmates without current privileges, practice agreements, or protocols increases the risk that the practitioners may provide medical services without having the qualifications, knowledge, skills, and experience necessary to correctly perform the services. In addition, the BOP could be subjected to liability claims by inmates if improper medical services are provided by these practitioners.

"The Federal Bureau of Prison's Efforts to Manage Inmate Health Care," U. S. Department of Justice, Office of the Inspector General, Audit Division, Audit Report 08-08, February 1998.

4

The Government's implication that the BOP can be relied upon to give an honest assessment of its ability to delivery adequate health care in this extraordinarily complex and demanding case is naïve, at best.

For the reasons set forth in our main memorandum and above, it is respectfully submitted that a prison sentence in this case is inappropriate insofar as it would violate Diana Williamson's rights under the Eighth Amendment and would fail to comply with 18 U.S.C. § 3553.

### The Sentencing Guidelines are Inapplicable to This Unique Case

Finally, the Government argues that a sentence within the Guidelines range of 135 to 168 months is appropriate. The Government's reliance on the Federal Sentencing Guidelines ignores the fact that the Guidelines are not applicable to this unique case, patently falling as it does far outside of the heartland of federal cases.

As section 3553(b) provides, "In sentencing a defendant, the . . . court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless –

>   \*                            \*                            \*

(ii) the court finds that there exists a. . . . mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

5

Without question, the Sentencing Commission never considered the facts presented herein, including the fact that defendant has DID and that an alter-personality committed the crimes herein.

## **CONCLUSION**

For the reasons set forth in our main Sentencing Memorandum and above, it is respectfully submitted that at non-prison sentence is warranted in the circumstances presented by this unique case.

Respectfully submitted,

By: /s/ Jonathan Marks
Jonathan Marks (JM-9696)
Jonathan Marks, P.C.
Counsel to Defendant
220 Fifth Avenue, Suite 300
New York, NY 10001
Tel: (212) 515-8008
Mobile: (917) 374-7693
Fax: (212) 889-3595
Email: jonmarkspc@gmail.com

Dated: New York, NY
September 27, 2012